IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Rock US Holdings Inc., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-12892 (PJW)<br><br>(Joint Administration Pending) |

**APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a), FED. R. BANKR. P. 2014(a) AND DEL. BANKR. L. R. 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF JONES DAY AS SPECIAL REAL ESTATE COUNSEL FOR CERTAIN DEBTORS _NUNC PRO TUNC_ TO PETITION DATE**

Rock US Holdings, Inc., Rock US Investments LLC, Rock New York (100-104 Fifth Avenue) LLC and Rock New York (183 Madison Avenue) LLC, the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), file this application (the "Application") respectfully seeking the entry of an order pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to retain and employ Jones Day as special real estate counsel to Debtors Rock New York (100-104 Fifth Avenue) LLC and Rock New York (183 Madison Avenue) LLC Rock (collectively, the "Real Estate Debtors") during the pendency of these chapter 11 cases, upon the terms and conditions summarized herein, and as further set forth in the engagement agreements between Jones Day and each of the Real Estate

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: (i) Rock US Holdings Inc. (4051); (ii) Rock US Investments LLC (5255); (iii) Rock New York (100-104 Fifth Avenue) LLC (9477); and (iv) Rock New York (183 Madison Avenue) LLC (4817). The address for each Debtor is: 183 Madison Avenue, Suite 617, New York NY 10016.

{BAY:01629087v1}

Debtors (collectively, the "Engagement Letter"; copies of which are attached as Exhibit A to the Koppel Declaration (defined below)). In support of this Application, the Debtors submit the Declaration of Steven C. Koppel, which is attached as Exhibit B hereto (the "Koppel Declaration), and respectfully state as follows:

## Background

1. On [●], 2010 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code (collectively, the "Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A motion for joint administration for procedural purposes of the Debtors' Cases is pending before the Court.

2. The Debtors' primary assets are two commercial office buildings in Manhattan located at 100-104 Fifth Avenue and 183 Madison Avenue, respectively (the "Properties"). The Cases were filed as prepackaged cases in contemplation of a process for the sale of the Properties and related relief necessary to effectuate that process and maximize returns for creditors.

## Jurisdiction, Venue and Statutory Predicates

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicates for the relief requested in this Application are sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## Relief Requested

4. The Real Estate Debtors respectfully seek an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), to retain and employ Jones Day as special counsel with respect to various real estate issues that may arise during these Cases (the "<u>Special Counsel Matters</u>"), effective *nunc pro tunc* to the Petition Date. As the Real Estate Debtors have commenced the Cases to, among other things, sell the Properties, the Real Estate Debtors have a critical need for the advice and counsel of experienced real estate professionals during the course of the Cases.

5. The Real Estate Debtors request that the Court approve the employment of Jones Day in accordance with the terms and conditions set forth in this Application and the Engagement Letters.

6. As required by Bankruptcy Rule 2014(a), this Application sets forth (a) the specific facts showing the necessity for Jones Day's employment, (b) the reasons for the selection of Jones Day as special real estate counsel for the Debtors in connection with these Cases, (c) to the best of the Debtors' knowledge, all of Jones Day's connections, if any, with the Debtors, the Office of the Unites States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") and other parties-in-interest in these Cases, (d) the Special Counsel Matters to be rendered by Jones Day, and (e) the proposed arrangement between the Debtors and Jones Day for Jones Day's compensation.

## Basis for Relief Requested

7. The retention of Jones Day as special real estate counsel under the terms described herein and in the Engagement Letter is appropriate under Bankruptcy Code sections 327(e), 328(a) and 1107(b). Section 327(e) of the Bankruptcy Code provides for the appointment of special

counsel where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matter(s) that will be handled by counsel. Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327 (e). Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

8. Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition, provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not represent or hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. See In re AroChem Corp., 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained,* there is no conflict and the representation can stand") (emphasis in original). As explained more fully below, the Real Estate Debtors submit that each of these factors is satisfied with respect to Jones Day and, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

9. The Real Estate Debtors seek to retain Jones Day as special counsel to handle the Special Counsel Matters based on, among other things: (a) Jones Day's international reputation

and extensive experience and expertise with respect to real estate law generally and (b) the general knowledge and information that Jones Day obtained regarding the Real Estate Debtors, their businesses, and the Properties and operations, as a result of Jones Day's representation of the Real Estate Debtors prior to the Petition Date.

10. In particular, and as described in the Koppel Declaration, Jones Day's real estate practice is of global renown. Jones Day attorneys have extensive and robust experience in all aspects of real estate law, including expertise regarding the interplay between real estate law and the Bankruptcy Code. Jones Day attorneys have represented numerous clients on a broad range of real estate issues for many years, including the purchase, sale and leasing of commercial properties in the competitive New York real estate market.

11. Furthermore, as described in the Koppel Declaration, Jones Day is intimately familiar with the Real Estate Debtors, their businesses and their real estate issues, as Jones Day has represented the Debtors since August 2009. In connection therewith, Jones Day has represented the Real Estate Debtors in connection with tenant leases, construction agreements, and property management agreements relating to the Properties, in addition to the purchase and sale agreement with respect to the Properties, and other real estate-related matters.

12. The Real Estate Debtors believe that the employment of Jones Day as special real estate counsel for the Real Estate Debtors will enable them to avoid the unnecessary expense otherwise attendant to having another law firm familiarize itself with the Special Counsel Matters. For these reasons and those described above, the Real Estate Debtors respectfully submit that Jones Day is well-qualified and uniquely able to provide the specialized legal advice sought by the Real Estate Debtors in an efficient and effective manner in connection with the Special

Counsel Matters. Jones Day's retention as special counsel is in the best interest of the Debtors, their estates and their creditors.

### Scope of Services

13. Jones Day's services are appropriate and necessary to enable the Real Estate Debtors to execute their duties as debtors and debtors in possession faithfully and to implement the Debtors' successful restructuring. The Real Estate Debtors currently seek to retain Jones Day, subject to the oversight and orders of this Court, solely with respect to the Special Counsel Matters. The Special Counsel include, among other things, representation of the Real Estate in connection with the sale and/or leasing of the Properties, construction and properties management agreements relating to the Properties, as well as other real estate matters that may affect the Properties.

14. The Real Estate Debtors believe that the services Jones Day will provide will be complementary to, rather than duplicative of, the services to be performed by any other retained counsel. Further, the Real Estate Debtors are mindful of the need to avoid the duplication of services and appropriate procedures will be implemented to ensure minimal duplication of effort, if any, as a result of Jones Day's role as special counsel. In order to minimize costs, Jones Day is prepared to work closely with the Real Estate Debtors and each of their other retained professionals to clearly delineate the professionals' respective duties so as to prevent unnecessary duplication of services whenever possible.

### Professional Compensation

15. In accordance with section 330(a) of the Bankruptcy Code, and as set forth in the Koppel Declaration, compensation will be paid to Jones Day on an hourly basis at its customary hourly rates, plus reimbursement of actual, necessary expenses incurred by Jones Day according to its customary reimbursement policies.

16. Jones Day's hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. The Real Estate Debtors respectfully submit that Jones Day's rates are reasonable.

17. The Real Estate Debtors understand that in connection with the reimbursement of reasonable and necessary out-of-pocket expenses, it is Jones Day's policy to charge its clients in all areas of practice for expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, photocopying, witness fees, travel and lodging expenses, vendor charges, certain secretarial and other overtime expenses, filing and recording fees, long distance and other telephone charges, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals" and telecopier charges. Jones Day will charge the Real Estate Debtors for these expenses in a manner and at rates consistent with the charges generally made to its other clients.

18. Along those lines, the Debtors understand that Jones Day intends to apply separately to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines established by the U.S. Trustee and as disclosed herein.

### Jones Day Does Not Represent or Hold Any Interest Adverse to the Real Estate Debtors or their Estates With Respect to the Special Counsel Matters

19. To the best of the Debtors' knowledge, Jones Day does not represent or hold any interest adverse to the Real Estate Debtors or their estates with respect to the Special Counsel Matters for which Jones Day is to be employed, except as may be set forth in the Koppel Declaration. See In re AroChem, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).

7

20. The Real Estate Debtors have been informed that Jones Day will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Jones Day will supplement its disclosure to the Court and serve such supplemental disclosure on U.S. Trustee.

21. Based on the foregoing and the disclosures set forth in the Koppel Declaration, the Real Estate Debtors submit that Jones Day does not hold or represent any interest adverse to the Real Estate Debtors or their estates with respect to the Special Counsel Matters for which Jones Day is to be employed.

## No Previous Request

22. No previous request for the relief sought herein has been made to this or any other court.

## Notice

23. Notice of this Application has been provided to (i) the Office of the United States Trustee; (ii) the creditors listed on the Debtors' Consolidated List of Creditors Holding 20 Largest Unsecured Claims; (iii) the Administrators; (iv) counsel for Bank of Scotland plc; and (v) all other parties having requested notice under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other and further notice of this Motion is necessary or required.

WHEREFORE the Debtors respectfully request the Court (a) enter an order, substantially in the form attached hereto as Exhibit A, granting the Real Estate Debtors the relief requested herein and (b) granting the Real Estate Debtors such other and further relief as is just and proper.

Rock US Holdings, Inc.,
a Delaware corporation

By: _____
Its: **Michael L. Brody**
**Director and Senior Vice President**

Rock US Investments LLC,
a Delaware limited liability corporation

By: _____
Its: **Michael L. Brody**
**Director and Senior Vice President**

Rock New York (100-104 Fifth Avenue) LLC,
a Delaware limited liability corporation

By: _____
Its: **Michael L. Brody**
**Director and Senior Vice President**

Rock New York (183 Madison Avenue) LLC,
a Delaware limited liability corporation

By: _____
Its: **Michael L. Brody**
**Director and Senior Vice President**