## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Rock US Holdings, Inc. [1] | ) | Case No. 10-12892 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | *Related Docket No. 2* |
| In re: | ) | Chapter 11 |
| | ) | |
| Rock US Investments LLC | ) | Case No. 10-12893 |
| Debtor. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Rock New York (100-104 Fifth Avenue) LLC | ) | Case No. 10-12894 |
| Debtor. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Rock New York (183 Madison Avenue) LLC | ) | Case No. 10-12895 |
| Debtor. | ) | |
| | ) | (Jointly Administered) |

## ORDER DIRECTING JOINT ADMINISTRATION
## OF RELATED CHAPTER 11 CASES

1. Upon the motion (the "Motion") of Rock US Holdings Inc., Rock US Investments LLC, Rock New York (100-104 Fifth Avenue) LLC and Rock New York (183 Madison Avenue) LLC, the above captioned debtors and debtors in possession (each a "Debtor" and collectively,

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: (i) Rock US Holdings Inc. (4051); (ii) Rock US Investments LLC (5255); (iii) Rock New York (100-104 Fifth Avenue) LLC (9477); and (iv) Rock New York (183 Madison Avenue) LLC (4817). The address for each Debtor is: 183 Madison Avenue, Suite 617, New York, NY 10016.

{BAY:01625867v1}

the "Debtors"), pursuant to Bankruptcy Rule[2] 1015(b) and Local Rules 1015-1 for an order consolidating these chapter 11 cases (each a "Case", and collectively the "Cases") for procedural purposes only and directing the joint administration of the Cases; upon the Declaration of Michael L. Brody in Support of Chapter 11 Petitions and First Day Orders (the "Brody Declaration") of each of the Debtors, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all other parties-in-interest; and upon all of the proceedings had before the Court in respect of the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED in all respects.

2. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

3. The Cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court.

4. Nothing contained in this Order shall be deemed or construed as directing or otherwise causing the substantive consolidation of all or any of the Cases.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

5. The caption of the jointly administered Cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Rock US Holdings, Inc., et al., | ) | Case No. 10-12892 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

6. A docket entry shall be made in each of the above-captioned cases substantially as follows:

"An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of Rock US Holdings, Inc., Rock US Investments LLC, Rock New York (100-104 Fifth Avenue) LLC and Rock New York (183 Madison Avenue) LLC. The docket in Case No. 10-12892 (___) should be consulted for all matters affecting this case."

7. Notwithstanding any law, Bankruptcy Rule, or Local Rule to the contrary, this Order shall take effect immediately upon its entry.

8. This Court shall retain jurisdiction to hear and determine all matters, claims, rights or disputes arising from the implementation of this Order.

Dated: Sept 17 2010
Wilmington, Delaware

_____
United States Bankruptcy Judge

3