UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Rock US Holdings Inc., et al.,[1] | Case No. 10-12892 (PJW) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. 14** |

ORDER (I) APPROVING ASSUMPTION AND
ASSIGNMENT PROCEDURES FOR EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND GRANTING RELATED RELIEF; AND
(II) ADJOURNING HEARING ON BID INCENTIVES INCLUDING BREAK-UP FEE

This matter coming before the Court on Motion of the Debtors[2] for an Order Approving (I) Bid Incentives Including Break-Up Fee, (II) Approving Assumption and Assignment Procedures for Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (the "Motion"); and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion pertaining to the Assumption/Assignment Procedures at a hearing before the Court held on October 7, 2010 (the "Hearing"); and the Court finding that (a) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) for the reasons stated in the Motion and on the record at the Hearing, it appearing that the relief requested in the Motion pertaining to the Assumption/Assignment

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: (i) Rock US Holdings Inc. (4051); (ii) Rock US Investments LLC (5255); (iii) Rock New York (100-104 Fifth Avenue) LLC(9477); and (iv) Rock New York (183 Madison Avenue) LLC (4817). The address for each Debtor is: 183 Madison Avenue, Suite 617, New York, NY 10016.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

Procedures is in the best interests of the Debtors, their creditors, and all parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The hearing in connection with the Other Bid Incentives, the Break-Up Fee, and the terms and conditions set forth in Sections 2.4(b)-(d) of the Purchase Agreements will be considered at the hearing before this Court currently scheduled for **October 28, 2010 at 1:30 p.m.**

3. The Assumption/Assignment Procedures are hereby approved.

4. On or before the date that is 21 days prior to the date of the Confirmation Hearing, the Debtors shall serve the Assumption/Assignment Notice on all Counter-Parties.

5. The Assumption/Assignment Notice shall be sent to the addresses for such Counter-Parties on the Debtors' books and records, shall indicate that the Debtors intend to sell or transfer the Properties and, in connection therewith, assume and assign such Counter-Parties' Purchased Contract/Lease to the applicable buyer or transferee of the Properties. The Assumption/Assignment Notice shall indicate that such buyer or transferee shall be the applicable Purchasers under the Purchase Agreements, or under certain circumstances as more fully set forth in the Motion and section 5.01(c) of the Plan, to an alternative purchaser or purchasers, which may include the Bank, and shall include the Cure Amount.

6. The Assumption/Assignment Notice shall also provide that, to the extent the Counter-Parties object to the Cure Amount and/or otherwise object to the assumption and/or assignment of their Purchased Contracts/Leases to the applicable buyer or transferee of the

Properties, the Counter-Parties must: (i) file an Objection with this Court by 5:00 p.m. (prevailing Eastern time) on or before the Objection Deadline, (ii) serve the Objection so that it is actually received by the following parties by the Objection Deadline: (A) Rock US Holdings Inc.,183 Madison Avenue, Suite 617, New York NY 10016 (Attn: Michael L. Brody), (B) Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19801 (Attn: Neil Glassman, Esq and Jamie L. Edmonson, Esq..), (C) Hogan Lovells US LLP 875 Third Avenue, New York, New York 10022 (Attn: Robin E. Keller, Esq.), (D) Kaye Scholer 425 Park Avenue, New York, New York 10022-3598 (Attn: D. Tyler Nurnberg, Esq. and Nicholas J. Cremona, Esq.), and (E) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn: Jane Leamy, Esq.), and (iii) include in the Objection the basis for the objection and, to the extent the Objection objects to the Cure Amount, set forth the cure amount being claimed by the objecting party with appropriate documentation in support thereof.

7. In the event that any Counter-Parties fail to file or serve an Objection by the Objection Deadline or otherwise fail to comply with the provisions of paragraph 8 of this Order, such Counter-Parties shall be forever barred from objecting to the Cure Amount, from asserting any additional cure amounts, and from raising or asserting any other objection to the assumption and assignment of its Purchased Contracts/Leases to the applicable buyer or transferee of the Properties and shall be deemed to have consented to the Cure Amount and the assumption and assignment of its Purchased Contracts/Leases.

8. In the event that any Counter-Parties file and serve an Objection by the Objection Deadline and otherwise comply with the provisions of paragraph 8 of this Order, the Objection will be resolved consensually among the parties, as part of the confirmation hearing on the Plan or at such other time as this Court may direct.

9. The Debtors and the Purchasers shall retain the right under the Purchase Agreements to amend <u>Schedule 8.1(h)</u> to the Purchase Agreements to add or delete Purchased Contracts/Leases to be assumed and assigned to Purchasers. In the event that the Debtors and the Purchasers add any Purchased Contracts/Leases to <u>Schedule 8.1(h)</u> to the Purchase Agreements after the date that is 21 days prior to the date of the Confirmation Hearing, the Debtors shall serve the Assumption/Assignment Notice on the Counter-Parties to such added Purchased Contracts/Leases after such addition is made and the Objection Deadline for such Counter-Parties with respect to such added Purchased Contracts/Leases shall be 5:00 p.m. (prevailing Eastern time) on the date that is 13 days after the date of such Assumption/Assignment Notice (which shall be the same date that the Assumption/Assignment Notice is served on such Counter-Parties).

10. Neither the service of an Assumption/Assignment Notice nor anything contained in the Motion or in the Assumption/Assignment Notice shall obligate the Debtors to assume and/or assume and assign any Purchased Contracts/Leases and the Debtors shall retain all of their rights under the Bankruptcy Code and/or the Plan to assume, assign or reject any executory contract or unexpired lease.

11. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

Dated: October 7, 2010
Wilmington, Delaware

_____
HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE