## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Rock US Holdings Inc., et al.,[1] | Case No. 10-12892 (PJW) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: October 28, 2010 at 1:30 p.m. |
| | Objections Due: October 21, 2010 at 4:00 p.m. |

### MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING ENTRY INTO LEASES OF REAL PROPERTY IN THE ORDINARY COURSE OF BUSINESS

The above-captioned debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") hereby move this Court for the entry of an order substantially in the form attached hereto as Exhibit A (the "Order") under sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code") granting Debtors authority to enter a lease with Apple, Inc. ("Apple") at 100-104 Fifth Avenue, and to enter into any future leases in the ordinary course of their business, without necessity of further orders of the Court. In support of the Motion, the Debtors respectfully represent as follows:

### Business of the Debtor

1. On September 15, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Bankruptcy Code. The Debtors remain in possession of their estates and continue to operate and manage their business affairs.

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: (i) Rock US Holdings Inc. (4051); (ii) Rock US Investments LLC (5255); (iii) Rock New York (100-104 Fifth Avenue) LLC (9477); and (iv) Rock New York (183 Madison Avenue) LLC (4817). The address for each Debtor is: 183 Madison Avenue, Suite 617, New York, NY 10016.

2. No trustee, examiner, or other statutory committee has been appointed in these Chapter 11 cases.

3. The Debtors' primary assets are two commercial office buildings in Manhattan located at 100-104 Fifth Avenue (the "Fifth Avenue Property") and 183 Madison Avenue (the "Madison Avenue Property", and together with the Fifth Avenue Property, the "Properties"). The Debtors' ultimate parent is Rock Joint Ventures, a company organized in England and Wales, which is presently in administration proceedings under the supervision of UK-based partners of PricewaterhouseCoopers, appointed as administrators (the "Administrators").[2] Bank of Scotland plc ("BoS") is the primary creditor of the Debtors, holding secured mortgages, liens and security interests on all of the Debtors' property, including the US Properties.

4. On the Petition Date, the Debtors filed a "prepackaged" Chapter 11 Plan of Reorganization (the "Plan") and an accompanying disclosure statement (the "Disclosure Statement") with this Court (which Plan was accepted by BoS prior to the Petition Date), which Plan contemplates the sale of the Properties to Purchasers selected in a comprehensive pre-bankruptcy marketing and auction process, and related relief necessary to effectuate the sales, followed by a distribution to creditors in accordance with their legal priorities, and a winddown and dissolution of the Debtors.

5. Prior to the Petition Date, the Debtors engaged Studley, Inc. ("Studley") as their real estate broker and commenced a major, international marketing of the Properties. The marketing was followed by multiple rounds of bidding and a concerted process of identifying the

---

[2] Laurie Manson, Bruce Cartwright and Peter Spratt, partners of PricewaterhouseCoopers, are the administrators of the Rock Group Companies (defined below). They have acted since May 2009, in their capacity as administrators of the Debtors' direct or indirect parent, Rock Joint Ventures Limited ("RJV"), an entity formed under the laws of England and Wales, and a number of other affiliated or related entities formerly controlled by Paul Kemsley and others (collectively, the "Rock Group Companies") in administration proceedings in England.

highest and best bids for the Properties, in which the Debtors, the Administrators and BoS participated.

6. Also prior to the Petition Date, the Debtors entered into negotiations with Apple for the lease, which is the subject of this Motion.

### **The Apple Lease**

7. The Debtors seek authority for Rock New York (100-104 Fifth Avenue) LLC to enter into a lease (the "Lease") with Apple for space located at the 100-104 Fifth Avenue building (the "Premises").

8. The Lease was negotiated at arms' length and upon commercially reasonable terms.

9. Although the Debtors believe that entering into the Lease is within the ordinary course of their business, Apple has made it clear to the Debtors that it will consummate the Lease only upon the approval of the Bankruptcy Court. Therefore, the Debtors seek authority from this Court to enter into the Lease and for authority to enter into future commercial leases in the ordinary course of their business, without necessity of further orders from the Court.

### **Jurisdiction**

10. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rules 2002, 6004 and 9014.

### **Relief Requested**

11. By this Motion, and as more specifically set forth in, and subject in all respects to, the Order, the Debtors respectfully request, among other things, entry of an Order (a) authorizing Rock New York (100-104 Fifth Avenue) LLC to enter into the Lease with Apple,

as well as any future commercial leases in the ordinary course of their business, without necessity of further orders of the Court; (b) eliminating the ten (10) day stay period contemplated by Bankruptcy Rule 6004(h); and (c) any additional relief the court deems just and proper.

## Basis for Relief

12. The Lease, and any future leases that the Debtors may seek to enter, allows the Debtors to bring in funds to the estates in the form of rental payments from Apple. Thus, there is a substantial business justification for the Lease, and any future leases. The Lease will help facilitate Debtors' reorganization and thus provide clear benefit to the Debtors and their creditors. Accordingly, the Court should approve the Lease and the transactions set forth therein, as well as any future commercial leases that the Debtors may seek to enter into.

13. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

14. A debtor's showing of a sound business purpose need not be unduly exhaustive but, rather, a debtor is "simply required to justify the proposed disposition with sound business reasons," In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). More than ample business justification exists for the Debtors to enter into the Lease, as well as other commercial real estate leases. The Lease will bring in valuable resources to the Debtors' estates. The Lease thus has a substantial business justification, and is to the benefit of Debtors and their estates.

15. Additionally, section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under the Bankruptcy Code. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of its section 105(a) power is proper. In re Fesco Plastics Corp., 996 F.2d 152, 154 (7th Cir. 1993); Pincus v. Graduate Loan Ctr. (In re Pincus), 280 B.R. 303, 312 (Bankr. S.D.N.Y. 2002). Pursuant to section 105(a), a court may fashion an order or decree that helps preserve or protect the value of the debtor's assets. See e.g., Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); In re Cooper Props. Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

16. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property ... is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

17. The Debtors request that the order authorizing Debtors to enter into the Lease, and any future commercial real estate leases in the ordinary course of their business, provide that the 10-day stay under Rule 6004 is inapplicable and the that the order is effective immediately. This is necessary so that Debtors may proceed to close on the transaction as expeditiously as possible and within the time frames contemplated by the Debtors and Apple.

### No Prior Request

18. The Debtors have not previously sought the relief requested herein from this or any other Court.

## Notice

19. Notice hereof has been provided to: (a) the Office of the United States Trustee; (b) counsel to BoS; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002 in accordance with Local Rule 2002-1(b) (collectively, the "Notice Parties"). Notice hereof and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order authorizing Debtors (a) to enter into the Lease, as well as any future commercial real estate leases in the ordinary course of their business, without necessity of further orders of the Court, (b) waive the 10-day stay of Bankruptcy Rule 6004(h), and (c) granting such other and further relief as is just and proper.

Dated: October 14, 2010  
Wilmington, Delaware

BAYARD, P.A.

*/s/ Jamie L. Edmonson*  
Neil B. Glassman (No. 2087)  
Jamie L. Edmonson (No. 4247)  
GianClaudio Finizio (No 4253)  
222 Delaware Avenue, Suite 900  
Wilmington, Delaware 19801  
Telephone: (302) 655-5000  
Facsimile: (302)658-6395

*Attorneys for the Debtors and Debtors-in-Possession*