# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Rock US Holdings Inc., et al.,[1] | Case No. 10-12892 (PJW) |
| Debtors. | |

**NOTICE OF ORDER (I) CONFIRMING THE DEBTORS' SECOND AMENDED JOINT PREPACKAGED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE SOLELY WITH RESPECT TO ROCK NEW YORK (100-104 FIFTH AVENUE) LLC AND (II) OCCURRENCE OF EFFECTIVE DATE**

A.   **Notice of Entry of Confirmation Order**

**PLEASE TAKE NOTICE THAT**, on November 9, 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Rock Fifth Avenue Confirmation Order") [Docket No. 216] in the above captioned chapter 11 cases (the "Cases") (I) approving the Debtors' (A) disclosure statement under sections 1125 and 1126(b) of the Bankruptcy Code, (B) solicitation of votes and voting procedures and (C) form of ballot, and (II) confirming the Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan") with respect Rock New York (100-104 Fifth Avenue) LLC. Capitalized terms that are not otherwise defined herein shall have the meanings given to such terms in the Plan. In the event of any discrepancies between this notice and the Confirmation Order and Plan, the Confirmation Order and Plan shall govern.

B.   **Notice of Occurrence of Effective Date of Plan**

**PLEASE TAKE FURTHER NOTICE THAT**, on December 1, 2010, all conditions precedent to the Effective Date were satisfied or waived pursuant to Section 9.02 of the Plan, and that on such date, the Effective Date of the Plan occurred.

C.   **Binding Nature of Plan**

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Article XI of the Plan and the Confirmation Order, the provisions of the Plan shall bind the Rock Fifth Avenue Debtor, all Holders of Claims against and Interests in the Rock Fifth Avenue Debtor (irrespective of whether such Claims or Interests are impaired under the Plan or whether the Holders of such Claims or Interests have accepted the Plan), any and all non-Debtor parties which are party to Executory Contacts and Unexpired Leases with the Rock Fifth Avenue Debtor, any other party-in-interest in the Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

D.   **Executory Contracts and Unexpired Leases**

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Section 6.01 of the Plan, as of the Effective Date, Rock Fifth Avenue shall be deemed to have rejected each executory contract and unexpired lease to which it is a party, pursuant to section 365 of the Bankruptcy Code, except for those executory contracts designated in a schedule attached to the Plan Supplement to be assumed on the Effective Date. Pursuant to the Rock Fifth Avenue Confirmation Order, all executory contracts specified in such schedule shall be assigned by the Rock Fifth Avenue to the Rock Fifth Avenue Purchaser, on, and effective as of, the Effective Date. Any Claim arising from the rejection by Rock Fifth Avenue of any executory contract or unexpired lease shall be deemed to be a Class 6 General Unsecured Claim. Pursuant to the Plan, Holders of such Claims are not entitled to receive a distribution under the Plan or retain any property of the Rock Fifth Avenue estate.

E.   **No Filing of Proofs of Claim**

**PLEASE TAKE FURTHER NOTICE THAT**, Holders of Claims (including Holders of Claims arising from the rejection of an executory contract and unexpired lease) and Interests are not required to, and **should not**, file proofs of claim with the Bankruptcy Court, the Debtors or any of the Debtors' agents. On and subsequent to the Effective Date, except as otherwise provided in the Plan, all Claims entitled to a distribution under the Plan will be paid in the ordinary course of

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: (i) Rock US Holdings Inc. (4051); (ii) Rock US Investments LLC (5255); (iii) Rock New York (100-104 Fifth Avenue) LLC (9477); and (iv) Rock New York (183 Madison Avenue) LLC (4817). The address for each Debtor is: 183 Madison Avenue, Suite 617, New York, NY 10016.

business in accordance with the Debtors' books and records, which amounts, unless disputed, shall constitute the Allowed amount of such Claims. Resolution of any Disputed Claims shall be in accordance with Article VIII of the Plan.

**F.**     **Dissolution of Debtors**

Each of the Rock Fifth Avenue (and the other Debtors) will be dissolved under and in accordance with Delaware law after the Effective Date.

**G.**     **Releases**

(i)     *Debtor Release*. **Pursuant to Section 10.02 of the Plan, for the good and valuable consideration provided by (I) (a) each of the current and former stockholders, managers, members, officers, employees, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals and Affiliates of the Debtors, including, without limitation, the English Administrators, and (b) all current and former managers, members, officers, directors, employees, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals and Affiliates of each Person or Entity set forth in clause (a), each in their respective capacities as such (the "<u>Debtor Releasees</u>"); provided, however, that "Debtor Releasees" shall exclude the Terminated Officers and all of their current and former employees, agents, brokers, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals and Affiliates; and (II) the Senior Agent, the Security Agent, the Senior Lenders, the Subordinated Agent, the Subordinated Lenders, the Fifth Avenue Purchaser and Madison Avenue Purchaser, the Holders of Interests in the Debtors, the English Administrators, each Holder of a Claim who votes to accept the Plan, and, to the fullest extent permissible under applicable law, as such law may be extended or interpreted after the Effective Date, each Holder of a Claim who directly or indirectly is entitled to receive a distribution under the Plan (including via an attorney, agent, indenture trustee or securities intermediary), and all of the respective current and former managers, members, officers, directors, employees, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals and Affiliates of each of the foregoing, each in their respective capacities as such (the "<u>Third Party Releasees</u>"); provided, however, that the term Third Party Releasee shall exclude Terminated Officers and Mechanic's Lien Holders and all of their respective current and former employees, agents, brokers, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals and Affiliates, each of the Debtors shall be deemed to have provided a full discharge and release to each Debtor Releasee and to each Third Party Releasee (and each such Debtor Releasee and Third Party Releasee so released shall be deemed fully released and discharged by the Debtors) and their respective properties from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing as of the Effective Date in law, at equity, whether for tort, fraud, contract, violations of federal or state securities laws or otherwise, arising from or related in any way to the Debtors, including, without limitation, those that any of the Debtors would have been legally entitled to assert in their own right (whether individually or collectively) or that any Holder of a Claim or a Interest or other entity would have been legally entitled to assert on behalf of any of the Debtors or any of their estates, and further including those in any way related to the Cases or the Plan; provided, however, that such "Debtor Release" shall not operate to waive or release any Causes of Action of any Debtor: (1) against a Third Party Releasee (other than the Senior Agent, the Security Agent, the Senior Lenders, the Subordinated Agent, and the Subordinated Lenders each in their capacity as such) arising from any contractual obligations owed to the Debtors; (2) expressly set forth in and preserved by the Plan, the Plan Supplement or related documents; (3) against the Terminated Officers or Mechanic's Lien Holders; or (4) arising from claims for fraud or willful misconduct.**

Notwithstanding anything in the Rock Fifth Avenue Confirmation Order or the Plan to the contrary, the Plan shall not release any Causes of Action (other than Avoidance Actions and claims under Chapter 5 of the Bankruptcy Code; provided, however, that such waiver shall not waive, affect or otherwise impair the Debtors' rights or ability to use and assert such claims against the Terminated Officers of for purposes of section 502(d) of the Bankruptcy Code) that the Debtors have or may have now or in the future against any non-released parties. In addition, entry of this Confirmation Order shall constitute the Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, and further shall constitute the Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Debtor Releasees and the Third Party Releasees, a good faith settlement and compromise of the claims released by the Debtor Release and the Third Party Release (defined below); (2) in the best interests of the Debtors and their estates and all Holders of Claims; (3) fair, equitable and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) a bar to any of the Debtors asserting any claim released by the Debtor Release against any of the Debtor Releasees or Third Party Releasees.

(ii) *Third Party Release*. Pursuant to Section 10.03 of the Plan, on and effective as of the Effective Date, each of the Senior Agent, the Security Agent, the Senior Lenders, the Subordinated Agent, the Subordinated Lenders, the Fifth Avenue Purchaser, the Madison Avenue Purchaser, the Holders of Interests in the Debtors, the English Administrators, each Holder of a Claim who votes to accept the Plan and, to the fullest extent permissible under applicable law, as such law may be extended or interpreted after the Effective Date, who directly or indirectly is entitled to receive a distribution under the Plan (including via an attorney, agent, indenture trustee or securities intermediary), and all of their respective current and former managers, members, officers, directors, employees, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals and Affiliates, each in their respective capacities as such (collectively, the "<u>Third Party Releasees</u>"); provided, however, that the term Third Party Releasee shall exclude Terminated Officers and Mechanic's Lien Holders and all of their respective current and former employees, agents, brokers, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals and Affiliates, shall be deemed to have provided a full discharge and release (and each entity so released shall be deemed released by the releasing parties) to the Debtors, Third Party Releasees and the Debtor Releasees and their respective property from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing as of the Effective Date in law, at equity, whether for tort, fraud, contract, violations of federal or state securities laws or otherwise, arising from or related in any way to the Debtors, including, without limitation, those in any way related to the Chapter 11 Cases or the Plan; <u>provided</u>, <u>however</u>, that this "Third Party Release" shall not operate to waive or release any Causes of Action: (1) of any Releasing Party against a Third Party Releasee (other than the Senior Agent, the Security Agent, the Senior Lenders, the Subordinated Agent, the Subordinated Lenders and all of the current and former managers, members, officers, directors, employees, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals agents, affiliates, fiduciaries and representatives of each of the foregoing entities, each in their respective capacities as such) arising from any contractual obligations owed to the Releasing Party, unless expressly set forth in and preserved by the Plan, the Plan Supplement or related documents; (2) of any Releasing Party against the Terminated Officers or Mechanic's Lien Holders; (3) a expressly set froth in and preserved by the Plan, the Plan Supplement or related documents; or (4) of any Releasing Party arising from claims for fraud or willful misconduct.

Notwithstanding anything in the Rock Fifth Avenue Confirmation Order or the Plan to the contrary, the Plan shall not release any Causes of Action (other than Avoidance Actions and claims under Chapter 5 of the Bankruptcy Code; provided, however, that such waiver shall not waive, affect or otherwise impair the Debtors' rights or ability to use and assert such claims against the Terminated Officers of for purposes of section 502(d) of the Bankruptcy Code) that the Debtors have or may have now or in the future against any non-released parties. Furthermore, entry of this Confirmation Order shall constitute the Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, and further, shall constitute the Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Debtors, the Third Party Releasees and the Debtor Releasees, a good faith settlement and compromise of the claims released by the Third Party Release; (2) in the best interests of the Debtors and their estates and all Holders of Claims; (3) fair, equitable and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) a bar to any of the releasing parties asserting any claim released by the Third Party Release against any of the Debtors, Third Party Releasees or the Debtor Releasees.

(iii) *Senior and Mezzanine Lender Releases*. Notwithstanding anything contained in the Confirmation Order or the Plan to the contrary and to the fullest extent permitted by applicable law, pursuant to Section 10.04 of the Plan, on and effective as of the Effective Date, each Holder of a Claim or Interest belonging to a Class that either votes to accept the Plan or is deemed to accept the Plan, and to the fullest extent permissible under applicable law, as such

**law may be extended or interpreted after the Effective Date, all other Holders of Claims and Interests, shall be deemed to have provided a full discharge and release to (and each entity so released shall be deemed released by) the Senior Agent, the Security Agent, the Senior Lenders, the Subordinated Agent, and the Subordinated Lenders, their Affiliates and each of their respective directors, officers, employees, managers, members, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents and representatives, each in their respective capacities as such (each a "<u>Lender Releasee</u>"), and their respective property from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing as of the Effective Date in law, at equity, whether for tort, fraud, contract, violations of federal or state securities laws or otherwise, arising from or related in any way to the Debtors, including, without limitation, those in any way related to the Chapter 11 Cases or the Plan, <u>provided</u>, <u>however</u>, that the "Senior Lender Release and Subordinated Lender Release" shall not operate to waive or release any Causes of Action: (1) arising from any contractual obligations owed by such Lender Releasee to such Holder of a Claim or Interest; (2) expressly set forth in and preserved by the Plan, the Plan Supplement or related documents; or (3) arising from claims for fraud or willful misconduct; and provided further, however, that the Senior Lender Release and Subordinated Lender Release shall not release any Preserved Litigation Claims.**

**H.     Obtaining Copies of the Plan and Confirmation Order**

**PLEASE TAKE FURTHER NOTICE THAT**, the Plan and Rock Fifth Avenue Confirmation Order contain other provisions that may affect your rights. You may obtain a copy of the Plan and Rock Fifth Avenue Confirmation Order on the Bankruptcy Court's Internet site at http://ecf.deb.uscourts.gov/ or upon request to Debtors' counsel below. You are encouraged to review the Plan and Rock Fifth Avenue Confirmation Order in their entirety and to consult your own legal advisors.

Dated:     December 3, 2010
           Wilmington, Delaware

>                    Respectfully submitted,
>
>                    BAYARD, P.A.
>                    Neil B. Glassman, Esq. (2087)
>                    Jamie L. Edmonson, Esq. (4247)
>                    GianClaudio Finizio, Esq. (4253)
>                    222 Delaware Avenue, Suite 900
>                    Wilmington, Delaware 19899
>                    Tel: (302) 655-5000
>                    Fax: (302) 658-6395
>                    nglassman@bayardlaw.com
>                    jedmonson@bayrdlaw.com
>
>                    *Counsel for the Debtors and Debtors in Possession*
>
>                           - and -
>
>                    HOGAN LOVELLS US LLP
>                    Robin E. Keller, Esq.
>                    Scott A. Golden, Esq.
>                    Christopher R. Bryant, Esq.
>                    875 Third Avenue
>                    New York, New York 10022
>                    Tel: (212) 909-0600
>                    Fax: (212) 909-0660
>                    robin.keller@hoganlovells.com
>                    scott.golden@hoganlovells.com
>                    christopher.bryant@hoganlovells.com
>
>                    *Special Corporate and Litigation Counsel for the Debtors and Debtors in Possession*